# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNETTE LEE IMBODEN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TINA HORNBEAK, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:08-cv-01511-AWI-SKO PC<br><br>ORDER DECLINING TO ADOPT FINDINGS AND RECOMMENDATIONS<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS<br><br>(Documents #20 & #27) |

　　　　Plaintiff Annette Lee Imboden ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On July 30, 2010, the Magistrate Judge issued a Findings and Recommendations which recommended that Defendants' motion to dismiss be denied.  The Findings and Recommendations were served on all parties and contained notice that any objections to the Findings and Recommendations were to be filed within thirty (30) days of the date on which the Findings and Recommendations were served.  Defendants filed objections on September 2, 2010.  On September 21, 2010, Plaintiff filed a reply.

　　　　In accordance with the provisions of 28 U.S.C. § 636(b)(1)© and Local Rule 305, this Court has conducted a <u>de</u> <u>novo</u> review of this case.  Having carefully reviewed the entire file, the Court finds the Findings and Recommendations are not supported by the record and proper analysis.

In this action, Plaintiff contends that Defendants violated her Eighth Amendment rights by failing to protect her from an attack. Plaintiff alleges she was beaten by four inmates at Valley State Prison for Women, but that Defendants should have prevented the attack because they knew about these inmates propensity for violence. Defendants filed a motion to dismiss contending that Plaintiff did not exhaust her administrative remedies. Defendants contended that Plaintiff's administrative appeal only concerned an investigation into the attack and did not put prison officials on notice regarding Defendants' alleged failures, which caused the attack.

Plaintiff did not exhaust her administrative remedies because her appeal stated nothing about Defendants' alleged improper conduct. Plaintiff's administrative appeal only asked for an investigation into the attack, and it did not mention any prison officials or contend Defendants were dileberately indifferent to her safety. "[T]he primary purpose of a grievance is to notify the prison of a problem, and facilitate its resolution." Griffin v. Arpaio, 5557 F.3d 1117, 1120 (9th Cir. 2009). "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Jones v. Bock, 549 U.S. 199, 218 (2007). In California, the regulations require the prisoner "to lodge his [or her] administrative complaint on CDC form 602 and 'to describe the problem and action requested.'" Morton v. Hall, 599 F.3d 942, 946 (9th Cir. 2010) (quoting Cal.Code Regs. tit. 15 § 3084.2(a)). In light of the absence of any mention in the California regulations about the requisite level of factual specificity, "a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought." Griffin, 557 F.3d at 1120 (quoting Strong v. David, 297 F.3d 646, 650 (7th Cir. 2002)). A grievance need not include legal terminology or legal theories unless they are needed to provide notice of the harm being grieved. Griffin, 557 F.3d at 1120.

In this case, Plaintiff's administrative appeal did not properly exhaust the issue of Defendants' alleged improper conduct. The appeal only requested an investigation into the attack and did not allege how Defendants' conduct caused the other inmates to attack Plaintiff. Plaintiff did not grieve or otherwise mention Defendants, let alone imply that Defendants were deliberately indifferent to her safety. Yet, Defendants' alleged deliberate indifference underlies

2

1  the Eighth Amendment claim in this action.  While notifying prison officials did not require
2  Plaintiff to specifically use the phrase "the attack resulted from Defendants' 'deliberate
3  indifference'", Plaintiff did not provide any notice that Defendants were involved in causing the
4  attack.  The officials responding to Plaintiff's appeal would have reasonably concluded that
5  investigating the attack and the other inmates' actions resolved the appeal.  Because Plaintiff's
6  appeal did not provide enough information to allow prison officials to take appropriate
7  responsive measures to address Defendants' alleged actions, Plaintiff did not exhaust her
8  administrative remedies.   Thus, Defendants' motion to dismiss must be granted.
9          Accordingly, the Court HEREBY ORDERS that:
10     1.     The July 30, 2010 Findings and Recommendations are not adopted;
11     2.     Defendants' motion to dismiss is GRANTED; and
12     3.     The Clerk of the Court is DIRECTED to close this action.
13  IT IS SO ORDERED.

Dated:    February 9, 2011                    _____
                                              CHIEF UNITED STATES DISTRICT JUDGE